_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00530-FWS-JDE                    Date: March 12, 2026
Title: Objective Standard Institute v. Carl B. Barney *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Priscilla Deason for | |
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                            Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF JURISDICTION [13]**

This case is about how a corpus of money may be spent.  (*See generally* Dkt. 1-1 ("Complaint" or "Compl.").)  Plaintiff Objective Standard Institute ("Plaintiff") brought this action in Orange County Superior Court (Case No. 30-2026-01539488-CU-MC-NJC) about two months ago.  (*Id.*)  Plaintiff alleges that Defendants Carl B. Barney ("Barney"), the Center for Excellence in Higher Education, and the Prometheus Foundation ("Prometheus") (collectively, "Defendants") made a series of donations to Plaintiff—some of which were subject to certain spending conditions and some of which were not.  (*Id.* ¶¶ 10-26.)  Then, after a dispute arose between Barney and Plaintiff, Barney demanded that Plaintiff return the donations—with interest the disputed donations value about $9,000,000.  (*Id.* ¶ 28.)  Plaintiff seeks a judicial declaration that it is the sole owner of the disputed funds and need not return them; or, in the alternative, a finding that any restrictions on the original donation should be modified or released under California Probate Code § 18506; and that Prometheus breached a contract entered into with Plaintiff to provide further funds that went undelivered.  (*Id.* ¶¶ 43-61.)

Earlier this week, Defendants removed this case to this court.  (Dkt. 1 ("NOR").)  Defendant alleges that this court has original jurisdiction over this case because "Plaintiff's Complaint facially alleges disputed and substantial questions of federal law-specifically, the interpretation and application of the Internal Revenue Code's ("IRC") requirements for completed charitable gifts."  (*Id.* ¶ 2.)  Two days after removal, Defendants filed an *Ex Parte* Application seeking a Temporary Restraining Order limiting how the disputed funds may be spent.  (Dkts. 4, 13.)  Plaintiff filed an opposition that argued, among other things, that this

_____

**CIVIL MINUTES – GENERAL**                                                    1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00530-FWS-JDE                              Date: March 12, 2026
Title: Objective Standard Institute v. Carl B. Barney *et al.*

court lacks jurisdiction over this case because Defendants' sole grounds for removal—federal question jurisdiction—does not lie where the Complaint makes only a passing reference to federal law.  (Dkt. 17 at 7-10.)  The court agrees.

Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  Federal courts have a duty to examine their subject matter jurisdiction whether or not any party raises the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").

Plaintiffs' claims do not arise under federal law.  Federal subject matter jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[A] case can 'aris[e] under' federal law in two ways.  Most directly, a case arises under federal law when federal law creates the cause of action asserted."  *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration in original).  "As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions and accounts for the vast bulk of suits that arise under federal law."  *Id.* (citation omitted).  "But even where a claim finds its origins in state rather than federal law," there exists "a 'special and small category' of cases in which arising under jurisdiction still lies."  *Id.* at 258 (citation omitted).  For that category, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Id.*

Here, state law, not federal law, creates Plaintiffs' causes of action.  (*See* Compl. ¶¶ 43-61.)  And Plaintiffs' claims do not fall within the "special and small category" of state-law claims that give rise to federal question jurisdiction.  *Gunn*, 568 U.S. at 257.  True enough that the Complaint obliquely references federal law: "Under federal and state tax law, individuals like Barney who seek to make tax-deductible contributions to a charity must comply with

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00530-FWS-JDE                                   Date: March 12, 2026
Title: Objective Standard Institute v. Carl B. Barney *et al.*

certain criteria in order for the transfer of monies to qualify as a deductible gift," including that the donor transfers total dominion and control over the funds.  (Compl. ¶ 33 (citing *Goldstein (Joel H., Elaine P.) v. Comm'r of Internal Revenue*, 89 T.C. 535, 541-42 (1987)).)  But Defendants' argument that this case "cannot be evaluated without interpreting federal tax law" goes too far.  (NOR ¶ 16.)  The Complaint references the elements of a charitable contribution as context for the allegation that Defendants could not have imposed restrictions on funds for which Defendants also claimed tax-deductions.  Defendants do not demonstrate that this proposition of federal tax law will be disputed in this case.  Thus, Defendants do not demonstrate that the court has jurisdiction under federal-question jurisdiction.

Diversity subject matter jurisdiction also does not exist.  Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002).  Plaintiffs' Complaint makes clear that there is not diversity of citizenship and Defendants do not argue otherwise.  (*See* Compl. ¶¶ 1, 2, 4 (alleging that Plaintiff and Barney are both California residents); *see generally* NOR.)

In sum, the court finds that it does not have jurisdiction over this case.  Accordingly, the court **REMANDS** this case to Orange County Superior Court (Case No. 30-2026-01539488-CU-MC-NJC).  Because it lacks jurisdiction, the court makes no ruling on the merits of Defendants' *ex parte* application.  (Dkts. 4, 13.)

_____

**CIVIL MINUTES – GENERAL**                                                                                3